IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENNIS G. AND CANDACE I MCKEOWN,

       Plaintiff(s),                    07cv0732

                                        **ELECTRONICALLY FILED**

   v.

WILLIAM BRASLAWSCE, KRISTINA M.
BRASLAWSCE, BEAVER BOROUGH
POLICE DEPARTMENT, CHIEF ANTHONY
HOVANEC, OFFICER JEFFREY WIJNEN-
Riems, BEAVER COUNTY,

       Defendant(s).

### MEMORANDUM AND ORDER OF COURT

**July 27, 2007**

**Introduction**

      Defendants Beaver Borough Police Department ("Police Department"), Chief Anthony Hovanec ("Chief Hovanec"), and Officer Jeffrey Wijnen-Riems ("Officer Wijnen-Riems") (collectively "the Moving Defendants") bring a motion to dismiss (doc. no. 6) Plaintiffs Dennis and Candace McKeown's ("the McKeowns") claims of malicious prosecution, negligence, civil conspiracy, false imprisonment, and violation of 42 U.S.C. § 1983 for the deprivation of their Fourth and Fourteenth Amendment rights.[1]  After careful consideration of defendants' motion, plaintiffs' response thereto and their respective memoranda of law, this Court will grant in part and deny in part defendants' motion to dismiss.

---

[1] Defendant Beaver County was dismissed by stipulation of voluntary dismissal (doc. no. 10).  To date, Defendants Braslawsces have yet to submit any response to Plaintiffs' Complaint.

**Statement of Facts**

As taken from the Complaint filed in the Court of Common Pleas of Beaver County and removed to this Court pursuant to 28 U.S.C. §§ 1441(a), (b), the following facts appear in a light most favorable to the Plaintiffs:

Plaintiffs are the sole proprietors of Kitchen Outlet. Complaint ¶ 8. On December 17, 2003 Plaintiffs contracted with Defendants William and Kristina Braslawsce ("Defendants Braslawsces") to remodel their kitchen. Complaint ¶ 21. On April 9, 2004, Kristina Braslawsce spoke with Dennis McKeown about aesthetic problems with the counter tops, cabinet doors, and drawers. Complaint ¶ 26. Plaintiffs conducted several walkthroughs of the Braslawsces' kitchen with the Braslawsces and allegedly gave assurances that the manufacturers would take care of the defects at the completion of the project. Complaint ¶¶ 27-38. Disagreements continued between Plaintiffs and Defendants Braslawsces and finally Plaintiffs removed certain items from the Braslawsces' kitchen while Kristina Braslawsce was at home, including those items that allegedly were yet to be paid for by the Braslawsces. Complaint ¶¶ 53-54.

On May 4, 2004, Plaintiffs allegedly contacted Defendant Chief Hovanec "to advise him of the removal of these items" from the Braslawsces' kitchen and provided "contact information incase [Chief Hovanec] had questions." Complaint ¶ 58. Subsequently, Dennis McKeown met with the Braslawsces and their attorney to discuss issues with the project and with funding. Complaint ¶¶ 60-62. On August 25, 2004, Plaintiffs were arrested at their home by Officer Wijnen-Riems on charges of burglary, criminal solicitation, theft, deceptive business practice, and other related charges, and according to the Complaint, they were "handcuffed and led away in front of their children." Complaint ¶ 67. Plaintiffs claim that the arrests were initiated as a

result of material misrepresentations made by Mr. Braslawsce to the police department and "the failure of the police department to adequately investigate the matter." Complaint ¶ 70.  All charges against Plaintiffs were withdrawn by the Beaver County District Attorney's Office on December 3, 2004. Complaint ¶ 74.  On February 11, 2004, Plaintiffs' records were expunged. Complaint ¶ 75.

Plaintiffs filed their State Court Complaint stating the following claims:  against Defendants Braslawsces alleging negligent misrepresentation (Count I), intentional misrepresentation (Count II), breach of contract (Count III), and malicious prosecution (Count IV); against Moving Defendants for violations of Plaintiffs' civil rights pursuant to 42 U.S.C. § 1983 (Count V), malicious prosecution pursuant to 42 Pa. C.S. §8351 (Count VI), negligence (Count VII), and false imprisonment (Count VIII); and against all Defendants for civil conspiracy (Count VIII).[2]

Moving Defendants Police Department, Chief Hovanec, and Officer Wijnen-Riems now file this instant motion to dismiss.

**Standards of Review**

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff.  *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999).  A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no

---

[2]Both the civil conspiracy and false imprisonment claims are marked as Count VIII in Plaintiffs' Complaint.  Complaint pp. 22, 24.  Plaintiffs apparently omitted the number IX in the sequential order of their claims.

set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987). Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n. 6 (3d Cir. 2004) (quoting *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002)) ("This simplified notice pleading standard relies on liberal discovery rules ... to define facts and issues and to dispose of unmeritorious claims.")

**Discussion**

<u>Punitive Damages are Not Available Against Municipal Defendants, Chief Hovanec, and Officer Wijnen-Riems in their Official Capacities, as a Matter of Law</u>.

Defendants also move to dismiss Plaintiffs' claim for punitive damages against the Beaver Borough Police Department, Chief Hovanec and Officer Wijnen-Riems. It is well-established that punitive damages are not available against a municipal defendant in a civil rights action under Section 1983. *Stewart v. Philadelphia Housing Authority*, 487 F.Supp.2d 584, 592 (E.D.Pa. 2007) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266 (1981)). Likewise, "[m]unicipal officials and employees in their capacities as officers of a borough or other municipality" are also immune from punitive damages. *Pepiton v. City of*

*Farrell, Pa.*, 2005 WL 2647953 (W.D.Pa. 2005) (citing *Brandon v. Holt*, 469 U.S. 464, 472-73 (1985)).

Thus, the claims for punitive damages against Beaver Borough Police Department, Chief Hovanec, and Officer Wijnen-Riems are dismissed with prejudice.

Beaver Borough Police Department is Not an Entity Subject to Suit in a Section 1983 Claim.

Defendants seek dismissal of the complaint against the Beaver Borough Police Department on the ground that the Police Department does not have a corporate identity and is not a "person" that is subject to civil rights liability. Plaintiffs have not directly addressed this contention in their response but instead, suggest that a "fair reading" of the Complaint indicates that Beaver Borough is a defendant. Even so, the Complaint clearly does not name or identify Beaver Borough as a defendant and this Court will not "infer" another defendant into the case by suggestion.[3]

Although a municipality is subject to suit pursuant to 42 U.S.C. § 1983, see *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), a municipal police department is not. A municipal police department is a sub-unit, agency or instrumentality of the municipality through which the municipality fulfills its policing function. See *Armbruster v. Marguccio*, 2006 WL 3488969, *9 (W.D.Pa. 2006); *Pahle v. Colebrookdale Township*, 227 F.Supp.2d 361, 368 (E.D.Pa. 2002); *Open Inns, Ltd. v. Chester County Sheriff's Dept.*, 24 F.Supp.2d 410, 417 (E.D.Pa. 1998).

Accordingly, the Beaver Borough Police Department is not a legal entity possessing the

---

[3]Of course, Plaintiffs may amend their Complaint once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). If the parties are in agreement as to who the defendants are, the parties may also file a joint stipulation identifying the defendants.

capacity to be sued, and the claims against it are dismissed.

<u>Pendent Claims</u>

Viewed in the light of the foregoing liberal pleading standards, this Court simply cannot say, at this early state of the proceedings, that Plaintiffs will be able to state no set of facts in support of their 1983 claims of violation of their Fourth and Fourteenth Amendment rights against Defendants Hovanec and Wijnen-Riems and their common law claims of malicious prosecution, negligence, civil conspiracy and false imprisonment, also against Defendants Hovanec and Wijnen-Riems.  Although Defendants may well be entitled to official immunity from liability on these common law claims under the Pennsylvania Subdivision Tort Claims Act, 42 Pa. C.S. § 8541, *et seq*, that Act does recognize exceptions to official immunity for, among other things, willful misconduct. 42 Pa. C.S. § 8550.  It would be premature for this Court to render decisions on these claims at this time.  Thus, Defendants' request to have those claims dismissed will be denied.

Accordingly,

**AND NOW, this 27th day of July, 2007,** after due consideration of Defendants' motion to dismiss Plaintiffs' 1983 claims of violations of the Fourth and Fourteenth Amendment rights, and state law claims of malicious prosecution, negligence, civil conspiracy and false imprisonment, Plaintiffs' response thereto, and the memoranda of law in support and in opposition thereto,

**IT IS HEREBY ORDERED** that said motion **IS GRANTED IN PART AND DENIED IN PART**, as set forth more fully above, without prejudice to defendants raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

**SO ORDERED** this 27th day of July, 2007.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All ECF registered counsel